FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUN 12 A 10: 2
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HERBERT CHRISTOPHER, JR.,

Petitioner,

v.

CIVIL ACTION NO.: CV213-049

SUZANNE HASTINGS, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Herbert Christopher, Jr., ("Christopher"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Christopher filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Christopher was convicted in the Middle District of Florida, after a jury trial, of conspiring to possess cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)(A) and 846. Christopher was sentenced to life imprisonment. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Christopher, 983 F.2d 235 (1992) (Table).

Christopher filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the Middle District of Florida court denied. The Eleventh

Circuit affirmed this denial. Christopher v. United States, 38 F.3d 572 (11th Cir. 1994) (Table).

Christopher filed another section 2255 motion and asserted that his sentence was enhanced improperly based on false information in the 21 U.S.C. § 851 notice regarding prior convictions which were used to enhance his sentence. The district court determined that one of Christopher's convictions belonged to his father and that two of his other prior convictions should have been consolidated as one conviction. However, even with these corrections, the district court found that Christopher had two prior convictions supporting the § 851 enhancement. (Doc. No. 6-3, p. 7). Christopher filed two motions pursuant to Federal Rule of Civil Procedure 60(b), both of which were rejected as successive § 2255 motions. (Doc. No. 6-2, pp. 22-24). Christopher also filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582, which the Middle District of Florida court denied. (Id. at p. 26).

In this petition, Christopher contends that he is actually innocent of his sentence enhancement because he was not convicted of a crime involving a specified minimum drug quantity and was eligible for a maximum sentence of 240 months' imprisonment. Christopher also contends that the district court lacked authority to enhance his sentence because the Government did not comply with the requirements of section 851.[1] Respondent asserts that Christopher does not meet the savings clause of 28 U.S.C. § 2255(e), and his petition should be dismissed.

---

[1] These contentions appear to be based on Apprendi v. New Jersey, 503 U.S. 466 (2000), in which the United States Supreme Court held that any fact that increases a penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Apprendi is not retroactively applicable to cases on collateral review via a § 2241 petition. United States v. Bryant, 456 F. App'x 832, 834 n.3 (11th Cir. 2012) (citing Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006)).

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Christopher's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Christopher asserts that the remedy afforded by section 2255 is inadequate or ineffective to challenge the legality of his detention because 28 U.S.C. § 2244 "does not provide an avenue to raise an actual innocence of a sentence claim when said sentence exceeds the statutory maximum." (Doc. No. 1, p. 2).

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Christopher has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Christopher shown that his claims were foreclosed on a previous occasion. In fact, Christopher made these same contentions on previous occasions, and he was unsuccessful. In other words, Christopher has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Christopher has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

To the extent Christopher attempts to use Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), he is not entitled to his requested relief. Section 2255(h) of Title 28 provides an actual innocence exception to bringing a second or successive § 2255

motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition.[2] Wofford provides the framework by which a prisoner can file a § 2241 petition to attack his conviction or sentence, and Christopher has not met the Wofford test. In addition, to the extent that Christopher attempts to argue that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of his claims, Christopher's argument is foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009).

In Kelley, a § 2241 petitioner appealed the dismissal of his petition, in which he asserted that he was actually innocent of the crime for which he was convicted and argued that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court also explained that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted[.]" Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

AO 72A
(Rev. 8/82)

5

in original). The court determined that, because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the petitioner in Kelley, Christopher has not met the Wofford test; therefore, Christopher cannot bring his claim pursuant to § 2241. This Court's decision to not render a determination on the merits of Christopher's actual innocence claim will not result in a miscarriage of justice.

In Williams v. Warden, Fed. Bureau of Prisons, ___ F.3d ___, 2013 WL 1482283 (11th Cir. Apr. 11, 2013), the Eleventh Circuit once again stated that a petitioner seeking to use section 2241 as a replacement for a section 2255 motion must meet the savings clause of section 2255(e). The petitioner in Williams challenged his armed career criminal sentence because he asserted that his predicate convictions were not violent felonies. Williams cited Begay v. United States, 553 U.S. 137 (2008), in support of his position. The Eleventh Circuit determined that, "[a]t the time of Williams's direct appeal and first [28 U.S.C.] § 2255 motion, there was no circuit precedent that foreclosed him from raising the claim that his burglary convictions should not count as violent felonies[.]" Williams, ___ F.3d at ___, 2013 WL 1482283, *1. The Eleventh Circuit also determined that, considering Williams' circumstances, "his direct appeal and first collateral attack were not inadequate or ineffective to test the legality of his detention, and the savings clause [of 28 U.S.C. § 2255(e)] does not apply." Id. The Eleventh Circuit concluded "that the district court lacked subject-matter jurisdiction to entertain Williams's § 2241 petition[.]" Id. In so doing, the Eleventh Circuit stated that, for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must

have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at *10 (citing Wofford, 177 F.3d at 1244). Because Williams' claim was not foreclosed by Eleventh Circuit precedent at the time he filed his first section 2255 motion, the Eleventh Circuit found Williams could not proceed with his claim pursuant to § 2241 and § 2255(e)'s savings clause. Id. at *13-14.

Like the petitioner in Williams, Christopher is not entitled to his requested relief through this petition. Christopher had ample opportunity to assert his improper enhancement claims in his previous § 2255 and Rule 60(b) motions. Christopher's claim was not foreclosed at the time of the filing of his section 2255 motion by binding Eleventh Circuit precedent which was later overruled or abrogated, nor was his claim foreclosed when he filed his Rule 60(b) motions. Williams, ___ F.3d at ___, 2013 WL 1482283, at *13. Accordingly, this Court lacks subject-matter jurisdiction over Christopher's petition.[3]

Christopher cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Christopher is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

[3] Christopher states that he is entitled to relief based on Chaplin v. Hickey, 458 F. App'x 827 (11th Cir. 2012). Chaplin involved the application of a violent felony enhancement under 18 U.S.C. § 924(c), not section 851, and is not applicable.

7

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Christopher's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE